IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVON DEANDRE JONES, | ) |
| Petitioner, | ) Case No. 1:19-cv-00199 (Erie) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| SUPERINTENDENT MICHAEL CLARK; PA ATTORNEY GENERAL, ERIE COUNTY DISTRICT ATTORNEY, | ) UNITED STATES MAGISTRATE JUDGE |
| | ) OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 3) |
| Respondents | ) |

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Davon Deandre Jones (Jones) under 28 U.S.C. § 2254. ECF No. 3. He is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Erie County, Pennsylvania at its criminal docket number CP-25-CR-0000530-2015. Respondents argue that Jones' petition is untimely and procedurally defaulted. Alternatively, Respondents assert that Jones' claims lack merit. For the reasons discussed herein, the Court denies each of Jones' claims for relief and dismisses his Petition with prejudice.

I.   Factual and Procedural Background

    A.   The Underlying Conviction and Sentence

The following background is taken from the Pennsylvania Superior Court's opinion addressing Jones' direct appeal from his conviction and sentence:

> Davon Jones, appeals from the Judgment of Sentence entered in the Erie County Court of Common Pleas on September 2, 2015, following his convictions for Aggravated Assault and Recklessly Endangering Another Person. Appellant challenges the sufficiency of the evidence for each of these offenses. After careful review, we

> conclude that Appellant waived this argument by failing to properly develop it in his Brief to this Court.
>
> A detailed factual and procedural history is unnecessary to our disposition. For purposes of this Memorandum, we summarize the facts and procedural history as follows. During the early morning hours of Christmas Day, 2015, security footage from Juliet's—a strip club—captured Appellant and the victim, D'Angelo Troop ("Troop"), engage in a verbal dispute over a woman. The argument continued in the parking lot out front, where additional security cameras captured Troop leaving the scene in his vehicle, followed closely behind by Appellant. Troop drove a few blocks before his car was overtaken by Appellant's vehicle. Troop was shot five times in the chest, face, and neck.
>
> While still in the hospital recovering from his injuries, Troop gave multiple statements identifying Appellant as the shooter, including a recorded statement to investigators in which Troop stated that he saw Appellant reach his hand out of the other vehicle and fire the shots that hit him. Troop also identified Appellant as the shooter in a photo array.
>
> As trial approached, Troop became increasingly uncooperative with the prosecution. At trial, Troop denied seeing Appellant shoot him and claimed not to know who the shooter was. The Commonwealth introduced Troop's prior statements identifying Appellant as the shooter as substantive evidence in its case-in-chief.
>
> On July 24, 2015, a jury found Appellant guilty of Aggravated Assault and Recklessly Endangering Another Person. On September 2, 2015, the trial court sentenced Appellant to a term of ten to twenty years of incarceration.

*Commonwealth v. Jones*, 2016 WL 5527925, at *1 (Pa. Super. Ct. Aug. 30, 2016) (footnote outlining other charges of which Jones was acquitted or on which the jury could not reach a verdict omitted). The Superior Court affirmed Jones' judgment of sentence on August 30, 2016. *Id.* Jones did not file a petition for allowance of appeal to Supreme Court of Pennsylvania.

    B.    PCRA Proceedings in State Court

In Jones' appeal from the denial of post-conviction relief, the Superior Court recounted the state court PCRA proceedings as follows:

> On June 22, 2017, Appellant, through counsel, filed timely a PCRA petition asserting several instances of ineffective assistance of trial counsel. The Commonwealth filed a response, and on August 26, 2017, the PCRA court issued notice pursuant to Pa. R. Crim. P. 907 of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response, and on November 3, 2017, the PCRA court entered an order and opinion dismissing Appellant's petition. Appellant timely filed an appeal to this Court, and the PCRA court directed this Court to its November 3, 2017 order in lieu of filing an opinion pursuant to Pa. R. A. P. 1925(a).

*Commonwealth v. Jones*, 2018 WL 3544876, at *2 (Pa. Super. Ct. July 24, 2018). The Superior Court affirmed the denial of post-conviction relief. *Id.* Jones sought permission to appeal to the Supreme Court of Pennsylvania, but his request was denied. *See Commonwealth v. Jones*, 203 A.3d 212 (Pa. 2019).

### C. Federal Court Habeas Proceedings

Jones filed the instant petition for a writ of habeas corpus with this Court on July 5, 2019, the date he signed and mailed it for filing. ECF No. 3. On October 25, 2019, the District Attorney's office filed a Response to Jones' petition. ECF No. 10. Copies of the relevant state appellate filings were provided that same day. *Id.* Jones did not file a reply. The petition is, therefore, ready for disposition. The parties have consented to the jurisdiction of a United States Magistrate Judge. *See* 28 U.S.C. §636(c)(1). ECF Nos. 8, 14.

## II.   Petitioner's Claims

Jones' habeas petition raises two grounds for relief. ECF No. 3. First, he brings an ineffective assistance of appellate counsel claim, alleging violation of his rights under various amendments to the Constitution. ECF No. 3, p. 5. Jones' second ground for relief is a claim of ineffectiveness of trial counsel. *Id.* at p. 7. He contends that all of these claims were properly exhausted in state court. *Id., generally*. The Respondents disagree. They argue Jones' petition is untimely, procedurally defaulted, and, in the alternative, meritless. *See generally,* ECF No. 10.

III.    The Habeas Corpus Legal Standard

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 141, 146 (1998)). In enacting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress "significantly limited the federal court's power to grant a writ of habeas corpus." *Tolbert v. Ferguson*, 2019 WL 4677357 at *2 (E.D. Pa. Aug. 8, 2019). Under § 2254, a district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). Federal courts also must give considerable deference to determinations made by state trial and appellate courts. *See Renico v. Lett*, 599 U.S. 766, 772 (2010). Thus, if a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d). Thus, it is the habeas petitioner's burden to show that the state court's decision was contrary to or an unreasonable application of United States Supreme Court precedent or an unreasonable determination of the facts. *Moreno v. Ferguson*, 2019 WL 4192459, at *3 (W.D. Pa. Sept. 4, 2019).

The United States Court of Appeals for the Third Circuit has emphasized the heavy burden habeas petitioners bear: "even 'clear error'" by the state courts "will not suffice." *Orie v. Sec. Pa. Dept. of Corrections*, 940 F.3d 845, 850 (3d Cir. 2019). Rather, the state court must be wrong "beyond any possibility for fair-minded disagreement." *Id.* (citations and some internal quotations omitted). Moreover, the factual determinations of the state courts are presumed correct. *See* 28 U.S.C. §

4

2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

IV.     Rules Governing Review of Petitions for Habeas Corpus

As the Court of Appeals for the Third Circuit explained,

> Undergirding federal habeas law is an extensive procedural framework that limits when and how a petitioner may raise post-conviction claims for relief and which claims are reviewable in federal court. Concerns of federalism, comity, and finality shape this complex framework and have required [courts] to generate specific rules for when a petitioner's claim may be adjudicated on the merits.

*Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 465 (3d Cir. 2015). Among the "specific rules" relevant to the resolution of Jones' claims are those of timeliness and exhaustion.

   A.     Timeliness

Before the Court can address the merits of Jones' petition, a threshold question must be answered: whether the petition was timely filed. *Romansky v. Superintendent Green SCI*, 933 F.3d 293, 298 (3d Cir. 2019). Pursuant to AEDPA, a state prisoner must file his federal habeas claims within one year of the date his judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). Because he did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, Jones' judgment of sentence became final on September 30, 2016, which marks the day after the expiration of the thirty-day appeal period in Pennsylvania. *See* State Court docket.[1] *See also* Pa. R. Crim. P. 720(a)(3); *Calhoun v. Pennsylvania*, 2020 WL 868199, at *1 (E.D. Pa. Feb. 20, 2020); 28 U.S.C. § 2244(d)(1)(A) (the one-year federal limitations period generally begins on the date the petitioner's

---

[1] The dates used to determine the timeliness of Dean's petition are taken directly from the Common Pleas, Superior Court, and Supreme Court of Pennsylvania's publicly available dockets. *See* https://ujsportal.pacourts.us/CaseInformation.aspx (last visited May 19, 2020) (referred to here as "State Court Docket.").

5

judgment of sentence became final "by the conclusion of direct review or the expiration of the time for seeking such review"). Therefore, Jones needed to file his federal habeas petition no later than September 30, 2017, to meet that deadline. Jones filed the instant § 2254 petition on July 5, 2019, six hundred and forty-three days late and thus well beyond the expiration of AEDPA's one-year limitations period.[2] The petition is statutorily time-barred unless the tolling provision of Section 2244(d)(2) sufficiently extended Jones' filing deadline.

    1.    Statutory Tolling

Although statutory tolling extended Jones' filing deadline, his petition remains untimely. The one-year habeas statute of limitations was "immediately tolled" when Jones filed his first PCRA petition on June 22, 2017. *Nelson v. Superintendent of SCI-Retreat*, 2019 WL 897296 *2 n.4 (E.D. Pa. Jan. 31, 2019). At that point, two hundred and sixty-five days of the limitations period had expired, leaving him with one hundred days remaining. Jones' PCRA petition remained pending in the state court until February 27, 2019, when the Supreme Court of Pennsylvania denied Jones' petition for allowance of appeal. *See* State Court docket. At that point, the one hundred days remaining on Jones' AEDPA clock allowed him until June 7, 2019 to file a timely habeas petition. Jones filed the instant petition on July 5, 2019, almost a month past the applicable deadline. Thus, statutory tolling does not bring the filing of Jones' petition within the statute of limitations.

    2.    Equitable Tolling

Jones' petition may yet be saved if the Court applies a measure of equitable tolling. *See Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). The Supreme Court has held that AEDPA's one-year limitations period is subject to equitable tolling, but only in

---

[2] This is the date Jones signed his petition and presumably gave it to prison officials for mailing. *See, e.g., Scales v. Atty. Gen. of Penna.*, 2018 WL 3823779, *1 (W.D. Pa. Aug. 10, 2018).

6

extraordinary situations. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). *See also Severs v. Atty. Gen. of New Jersey*, 2019 WL 5704591, at *2 (3d Cir. Nov. 9, 2019) (citation omitted). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). This is done on a case-by-case basis. *See, e.g., Middleton v. Warden*, 2020 WL 7059633, *4 (M.D. Pa. Dec. 2, 2020). To receive the benefit of equitable tolling, however, Jones bears the burden of showing that he (1) pursued his rights diligently, and (2) that extraordinary circumstances prevented him from filing a timely petition. *Id.* at 649. The Court of Appeals for the Third Circuit has advised that

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," *Seitzinger v. Reading Hosp. & Medical Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." *Miller [v. New Jersey State Dept. of Corr.]*, 145 F.3d [616, 618 (3d Cir. 1998).

*Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

Circumstances extraordinary enough to invoke equitable tolling have been found only where "(1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim." *Middleton*, 2020 WL 7059633, at *4 (citing *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005)). Nevertheless, even where extraordinary circumstances exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Id.* (citing *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003).

7

Here, Jones was put on notice regarding the untimeliness of his federal habeas petition by Respondents' Answer (*see* ECF No. 10, pp. 2-3) and he had an opportunity to address both the untimeliness and arguments in favor of tolling in a Reply, which he did not file. *See* LCvR 2254(E)(2).³ Thus, Jones offers no explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling. Furthermore, the Court has reviewed Jones' filings and can discern no circumstance which could potentially trigger equitable tolling. In particular, no extraordinary circumstance prevented Jones' timely filing. *See, e.g., Robinson v. Clark*, 2020 WL 6940003, at *1 (E.D. Pa. Nov. 25, 2020). Equitable tolling of the AEDPA statute of limitations is thus unwarranted in this case.

V.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

³ Our Local Rule provides that "Although not required, the petitioner may file a Reply (also known as "a Traverse") within 30 days of the date the respondent files its Answer. If the petitioner wishes to file a Reply after 30 days have passed, he or she must file a motion requesting leave to do so. An extension may be granted only for good cause shown." LCvR 2254(E)(2).

ruling." *Slack*, 529 U.S. at 484. Applying that standard here, jurists of reason would not find it debatable whether Jones' claims should be dismissed because his petition is untimely.

VI.   Conclusion

For the reasons set forth above, Jones' Petition for a Writ of Habeas Corpus is dismissed, and no certificate of appealability will issue. An appropriate order follows.

ORDER

AND NOW, this 2nd day of March, 2021, for the reasons set forth in the Memorandum filed contemporaneously, IT IS HEREBY ORDERED that Petitioner Davon Deandre Jones' claims for federal habeas corpus relief are DISMISSED with prejudice and a certificate of appealability is DENIED as to each claim. The Clerk of Court is directed to mark this case CLOSED as of this date.

_____
RICHARD A. LANZILLO
United States Magistrate Judge